IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Phil Hollingsworth, et al., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 50059 |
| | ) | |
| vs. | ) | |
| | ) | |
| Jackson Hewitt Inc., et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant's motion [64] to dismiss is denied.

## STATEMENT-OPINION

This matter is before the court on the motion [64] of defendant, Jackson Hewitt, Inc., to dismiss the first amended class action complaint [45] of plaintiff, Steve Yankee. Yankee's claim, for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), is contained in Count II of that complaint. The court previously entered an order [63] compelling arbitration and staying proceedings on the claims of Phil Hollingsworth contained in Count I.

Yankee alleges defendant violated the TCPA by sending daily automated text messages to his cellular phone. He alleges he "has been receiving daily automated text messages from Jackson Hewitt." The text messages each stated: "Daily Balance Alert: Current balance on your JH Preferred Card is $0.00." Despite texting "STOP" back to the sender, the messages continued. Yankee never provided defendant with his cell phone number or gave his prior express consent to message his cell phone number with automated text messages. Yankee is not a customer of defendant and has not asked it to send him text messages. Yankee alleges the text messages he received from defendant were fully automated and were part of defendant's daily automated account notification program. Each day, a program would compile a list of telephone numbers that met preset criteria and then send those numbers the precrafted message concerning the account balance. Although defendant acknowledged receipt of the "STOP" message by texting back: "Your subscription to Jackson Hewitt messages has been canceled," Yankee continued to receive additional messages. Yankee alleges the text messages were sent from an automated telephone dialing system ("ATDS") as defined in the TCPA. Yankee's cell phone number was assigned to a cellular phone service for which Yankee incurs charges for incoming messages.

1

Defendant moves to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Defendant argues the complaint fails "to plead necessary facts to support his allegations that an ATDS was used to send text messages to Plaintiff."

The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). The term "automatic telephone dialing system" means "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

To survive a 12(b)(6) motion to dismiss the "complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ .P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." Bravo v. Midland Funding, LLC, 812 F.3d 599, 601-02 (7th Cir. 2016). "To meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." Independent Trust Corp. v. Stewart Information Services Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quotation marks and citation omitted).

Yankee easily meets the first prong set forth in Bravo. He alleges he has been receiving daily text messages from defendant on his cellular phone notifying him that the balance due on his JH Preferred Card is $0.00. He reproduces four of those text messages in the complaint. He alleges the text messages were sent via an ATDS, and says he never gave his consent to defendant texting him and, in fact, that defendant continued texting him even after he notified defendant to stop. He alleges he is not a customer of defendant. These allegations give defendant fair notice that plaintiff is claiming the text messages defendant has been sending him on his cell phone concerning the balance due on a JH Preferred Card violate 47 U.S.C. § 227(b)(1)(A)(iii) because they were sent via an ATDS and he never gave his express consent to have defendant send him such text messages. Defendant knows what Yankee is claiming and on what he bases his claim.

The only issue is whether Yankee satisfies the second prong - does the complaint plausibly suggest Yankee has a right to relief beyond the speculative level? Defendant argues Yankee's allegations that an ATDS was used do not rise above the speculative level. It contends Yankee must plead more facts concerning his receipt of the text messages to allow the inference they were sent via an ATDS.

"As other courts have recognized, the case law in this District is mixed as to the requirements for pleading a TCPA claim, particularly with respect to use of an ATDS." Izsak v. Draftkings, Inc., No. 14-cv-07952, 2016 WL 3227299, *3 (N.D. Ill. Jun. 13, 2016) (Wood, J.) (collecting cases). "Some cases have held, or at least suggested, that merely reciting the

statutory definition of an ATDS is enough. Others have stated that more is required – that a plaintiff must allege additional facts giving rise to a reasonable inference that an ATDS was used." Id. (citations omitted).  "For, example, a plaintiff could describe the promotional content or the generic, impersonal nature of the text message allegedly sent using an ATDS.  A plaintiff might also allege that identical messages were sent to many potential customers at the same time." Id.  Even assuming the more stringent standard applies, Yankee has met the pleading requirement.

      Here, Yankee alleges he "has been receiving daily automated text messages."  The text messages he reproduces are from June 14, 15, 16, and 17.  The first amended complaint (which added Yankee's claim) was filed July 18.  "Has been receiving daily automated text messages" suggests the texts were continuing to be received on a daily basis at the time the complaint was filed.  Daily text messages each with the identical impersonal content received over the course of a month allows the inference that an ATDS was used.  Yankee's allegations plausibly suggest he has a right to relief above a speculative level.  Bravo, 812 F.3d at 601-02.  He has raised a reasonable expectation that discovery will reveal evidence supporting his allegations. Independent Trust Corp., 665 F.3d at 935.

      For the foregoing reasons, defendant's motion [64] to dismiss is denied.

Date: 1/25/2017                                ENTER:

                                                                           */s/ Philip G. Reinhard*

                                                             United States District Court Judge

                                                                           Electronic Notices. (LC)